Argued and submitted January 22, affirmed March 3, 2004

## William J. JACKSON,
*Appellant,*

*v.*

## Carey J. ROBBINS,
*Respondent.*

## 01-CV-0152-AB; A118572

86 P3d 67

George W. Kelly argued the cause and filed the briefs for appellant.

William E. Flinn argued the cause for respondent. With him on the brief was Hurley, Lynch & Re, P.C.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff appeals from a judgment for defendant in a personal injury action that arose from an automobile-motorcycle accident. Plaintiff contends that the trial court erred in giving two jury instructions. First, he asserts that the court erred in giving an instruction on statutory negligence *per se* because defendant's affirmative defense pleaded only common-law negligence on plaintiff's part. Second, plaintiff asserts that the trial court erred when it instructed the jury to disregard evidence that plaintiff was driving less than the designated speed in determining whether plaintiff violated the "basic speed rule" by going too fast under the then existing conditions. We review for errors of law and affirm.

The following facts are not disputed. On the day of the accident, plaintiff was driving a motorcycle and defendant was driving an automobile. The accident took place at about 12:45 p.m., on a clear day with good visibility. The parties were traveling on Highway 97, which runs in a generally north and south direction. At the location of the accident, Highway 97 has two lanes in each direction, and each direction is separated by a single left turn lane. Traffic was heavy, and there were no pedestrians in the area. The posted speed limit was 45 miles per hour. The accident occurred when defendant, traveling northbound, attempted to turn left from the center, left-turn lane. Plaintiff was traveling in the right southbound lane. At the time of the accident, the left southbound lane was stopped due to heavy traffic and a red light south of the accident. The right southbound lane ended within a few blocks of the accident. Plaintiff was aware of that fact. As defendant began his left turn, plaintiff entered a skid. Defendant came to a stop in plaintiff's lane, and plaintiff hit defendant's vehicle. Plaintiff's expert testified that plaintiff was traveling 39 miles per hour before he entered the skid.

Plaintiff's complaint alleged that defendant was negligent in one of three particulars: (1) failing to keep proper control; (2) failing to keep a proper lookout; and (3) making a dangerous left turn in violation of ORS 811.350. Defendant's

affirmative defense alleged that plaintiff was negligent in one of three particulars: (1) driving his motorcycle at a speed that was greater than reasonable and prudent under the circumstances; (2) failing to keep a proper lookout; and (3) failing to maintain proper control. The jury returned a verdict finding both parties negligent: plaintiff was 90 percent negligent, and defendant was 10 percent negligent.

■ In his first assignment of error on appeal, plaintiff argues that the trial court erred in giving defendant's requested instruction concerning negligence *per se*. Defendant requested, and the trial court gave, the following instruction to the jury:

> "Now the defendant alleges that the plaintiff violated a statute known as the Basic Speed Rule. This statute provides that no person shall drive a motor vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway, the hazard at intersections, weather, visibility, and any other conditions then existing. Now a violation of [that statute] constitutes negligence unless you find by a preponderance of the evidence that the driver who violated the statute was nevertheless acting as a reasonably careful person under the circumstances."

Plaintiff excepted to that instruction. On appeal, plaintiff argues that the trial court should not have given it because, in order for defendant properly to request such an instruction, he had to have pled negligence *per se* as an affirmative defense. Because defendant did not so plead and did not mention a statute at trial, plaintiff argues that the trial court could not properly give a negligence *per se* jury instruction. Defendant disagrees.

Even assuming without deciding that plaintiff is correct, we nevertheless decline to reverse based on plaintiff's first assignment of error. Under ORS 19.415(2), any error was harmless. In *Shoup v. Wal-Mart Stores, Inc.*, 335 Or 164, 173, 61 P3d 928 (2003), the Supreme Court discussed the standard for reversal set out in ORS 19.415(2), which provides that "[n]o judgment shall be reversed or modified except for error substantially affecting the rights of a party." In *Shoup*, the court stated that, under that statute, "the court

must be able to conclude, from the record, that the error 'substantially affect[ed]' the rights of the losing party." 335 Or at 173 (bracketed material in original). The court continued, "The rule embodied in ORS 19.415(2) is neutral as between plaintiffs and defendants; it places the burden to make a record that demonstrates prejudicial error on whichever party loses in the trial court and then seeks reversal or modification of the judgment on appeal." 335 Or at 173-74.

As we have stated, defendant asserted three allegations of negligence in his affirmative defense. Plaintiff did not request that the jury return special verdicts on each allegation. Even without considering the basic rule, the jury could have found plaintiff negligent for failing to keep a proper lookout or for failing to maintain proper control. We cannot tell on which basis the jury based its decision that plaintiff was 90 percent at fault. Under *Shoup*, plaintiff has not demonstrated an error that substantially affected his rights. 335 Or at 173.

■     Plaintiff's second assignment of error is that the trial court erred in giving defendant's instruction about disregarding evidence that plaintiff complied with the designated speed. The court gave the following instruction:

> "Now, with regard to that last statute, the Violation of the Basic Rule, I'm going to tell you that in determining whether the plaintiff violated the Basic Rule, the designated speed in that area is not a factor to be considered by you. The question rather is for you to determine whether or not the speed was excessive under all the facts, circumstances and conditions existing at the time and place of the accident."

Plaintiff objected to that instruction. On appeal, plaintiff argues that the jury should have been allowed to use the designated speed as evidence that, by traveling below that speed, plaintiff was presumptively complying with the basic rule.

Again, assuming without deciding that plaintiff is correct that the trial court erred in giving the basic rule instruction, we nevertheless do not reverse based on that error. Even without considering the basic rule, the jury could have found plaintiff negligent for failing to keep a proper

lookout or for failing to maintain proper control. We cannot tell on which basis the jury based its decision that plaintiff was 90 percent at fault. Under *Shoup*, plaintiff has not demonstrated any error that substantially affected his rights. 335 Or at 173.[1]

Affirmed.

---

[1] Although defendant did not cite *Shoup* in his response to plaintiff's second assignment of error, defendant cited *Shoup* in response to plaintiff's first assignment of error, and the analysis under *Shoup* applies equally to both.